## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CRYSTAL KULICK, | ) | |
| | ) | |
| Plaintiff, | ) | 3:24-cv-00748-RDM |
| | ) | |
| vs. | ) | |
| | ) | |
| SYNERGETIC COMMUNICATION, | ) | |
| INC., and SECOND ROUND SUB, | ) | |
| LLC, | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |

### DEFENDANT SYNERGETIC COMMUNICATION, INC.'S ANSWER

COMES NOW, Synergetic Communication, Inc., Defendant in the above-referenced action (hereinafter "Defendant"), and files this Answer in response to the Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., was not intentional and was the result of a *bona fide* error notwithstanding the maintenance

of procedures reasonably adapted to avoid any such error.  Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff's claims are or may be subject to an arbitration agreement requiring her to submit her claims to mandatory and binding arbitration. If so, Defendant will exercise its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. Seq.*

Subject to the foregoing defenses and without waiving same, Defendant responds to the individually numbered paragraphs of Plaintiff's complaint as follows:

### I.      INTRODUCTION

1.  Defendant admits that Plaintiff attempts to assert claims under the FDCPA. Defendant denies the remaining allegations contained in Paragraph 1 of the Plaintiff's Complaint.

### II.      JURISDICTION AND VENUE

2.  The allegations in contained in Paragraph 2 allege jurisdiction for which an answer is not required.

3.  The allegations contained in Paragraph 3 relate to venue for which no answer is required.

### III.   <u>PARTIES</u>

4.  Defendant admits that Plaintiff is a natural person.  Defendant lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 4 of the Plaintiff's Complaint.

5.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Plaintiff's Complaint.

6.  Defendant admits the allegations contained in Paragraph 6 of the Plaintiff's Complaint.

7.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Plaintiff's Complaint.

8.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Plaintiff's Complaint.

9.  Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Plaintiff's Complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Plaintiff's Complaint.

11. Defendant admits that it attempts to collect unpaid accounts due to another. The remaining allegations contained in Paragraph 11 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

12. The allegations contained in Paragraph 12 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

## IV.   STATEMENT OF CLAIM

13. Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

14. The allegations contained in Paragraph 14 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

15. The allegations contained in Paragraph 15 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

16. The allegations contained in Paragraph 16 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

17. Defendant admits that it attempted to collect an unpaid account owed to Second Round Sub, LLC.

18. Defendant admits sending Plaintiff written correspondence on or about July 1, 2023 regarding the unpaid account.

19. Defendant admits that it utilized a third-party vendor to mail the July 1, 2023 correspondence.

20. Defendant denies the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. The allegations contained in Paragraph 23 of the Plaintiff's Complaint relate to legal conclusions to which Defendant is under no known obligation to respond. To the extent that any response is required; denied.

24. Defendant denies the allegations contained in Paragraph 24 of the Plaintiff's Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Plaintiff's Complaint.

26. Defendant admits the allegations contained in Paragraph 26 of the Plaintiff's Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Plaintiff's Complaint.

28. Defendant denies the allegations contained in Paragraph 28 of the Plaintiff's Complaint.

29. Defendant admits that Plaintiff owes an unpaid account to Second Round Sub, LLC.  Defendant denies that Second Round Sub, LLC specifically hired Defendant to collect the unpaid account.

30. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. Defendant denies the allegations contained in Paragraph 31 of the Plaintiffs Complaint.

## V.   <u>DEMAND FOR JURY TRIAL</u>

32. Defendant denies, to the extent it can, the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

WHEREFORE, Defendant prays that Defendant be dismissed with prejudice; that judgment be granted to Defendant and that the relief requested by Plaintiff be denied; that all costs be taxed to Plaintiff; and for such other and further relief as the Court deems just and proper.

Respectfully submitted,

THE LAW OFFICES
   OF RONALD S. CANTER, LLC

*/s/ Ronald S. Canter*
Ronald S. Canter, Esquire
PA Bar # 94000
200A Monroe Street, Suite 104
Rockville, Maryland 20850-4424
Telephone: (301) 424-7490
Facsimile: (301) 424-7470
E-Mail: rcanter@roncanterll.com
*Attorney for Defendant Synergetic*
*Communication, Inc.*

## CERTIFICATE OF SERVICE

     The undersigned does hereby certify that a true and correct copy of the foregoing was served via ECF procedures mailed to the undersigned counsel on the 10th day of May 2024, to:

Brett Freeman
Freeman Law
606 Hamlin Highway, Suite 2
Lake Ariel, PA 18346
Attorney for Plaintiff,
Crystal Kulick

*/s/ Ronald S. Canter*
Ronald S. Canter, Esquire
*Attorney for Defendant Synergetic*
*Communication, Inc.*